IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **AUTUMN N. CROUCH,** *Special Administrator of the Estate of Jacob Russell Steward, deceased,* | ) ) ) ) | |
| **Plaintiff,** | ) ) | Case No. 17-CV-1089-SMY |
| vs. | ) ) | |
| **WALTER B. POLLOCK, WALTER POLLOCK, LLC, TAYLOR LOGISTICS COMPANY, LLC POLLOCK LOGISTICS, LLC, JEFFREY F. HALL, JR., HALL TRANSPORTATION, LLC, and DEBRA K. POLLOCK,** | ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |
| AND | ) ) | |
| **KIMBERLY D. BOSEL,** *Individually, and as Independent Representative of the Estate of Eric A. Bosel,* | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | |
| **WALTER B. POLLOCK, WALTER POLLOCK, LLC, TAYLOR LOGISTICS COMPANY, LLC POLLOCK LOGISTICS, LLC, JEFFREY F. HALL, JR., HALL TRANSPORTATION, LLC, and DEBRA K. POLLOCK,** | ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Autumn N. Crouch and Kimberly D. Bosel and Defendant Walter Pollock, LLC have filed a Stipulation and an Amended Stipulation for Dismissal without prejudice (Docs. 153 and 156) under Federal Rule of Civil Procedure 41(a)(2), seeking to dismiss the claims against Walter Pollock, LLC only.  A plain reading of Rule 41(a) suggests that dismissal under this Rule should be used only to dismiss an entire action (rather than a particular claim against a particular defendant).  *See Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (Rule 41(a) is "limited to dismissal of an entire action" and Rule 15(a) is the proper vehicle for "adding or dropping parties and claims").  Plaintiffs must therefore file an amended complaint consistent with Rule 15 in order to drop Walter Pollock, LLC as a party.  Accordingly, the Stipulations (Docs. 153 and 156) are hereby **STRICKEN.**

**IT IS SO ORDERED.**

**DATED:  December 5, 2019**

**STACI M. YANDLE**
**United States District Judge**