IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **AUTUMN N. CROUCH,** *Special Administrator of the Estate of Jacob Russell Steward, deceased,* | ) ) ) ) |
| Plaintiff, | ) Case No. 17-CV-1089-SMY ) |
| vs. | ) ) |
| **WALTER B. POLLOCK, WALTER POLLOCK, LLC, TAYLOR LOGISTICS COMPANY, LLC, POLLOCK LOGISTICS, LLC, JEFFREY F. HALL, JR., HALL TRANSPORTATION, LLC, and DEBRA K. POLLOCK,** | ) ) ) ) ) ) ) |
| Defendants. | ) |
| AND | ) |
| **KIMBERLY D. BOSEL,** *Individually, and as Independent Representative of the Estate of Eric A. Bosel,* | ) ) ) |
| Plaintiff, | ) |
| vs. | ) |
| **WALTER B. POLLOCK, WALTER POLLOCK, LLC, TAYLOR LOGISTICS COMPANY, LLC POLLOCK LOGISTICS, LLC, JEFFREY F. HALL, JR., HALL TRANSPORTATION, LLC, and DEBRA K. POLLOCK,** | ) ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

On July 27, 2017, a motor vehicle accident occurred in Stanford Township, Illinois that

resulted in the death of Eric A. Bosel and Jacob Russell Stewart, whose separate vehicles were struck by a Freightliner tractor-trailer operated by Defendant Walter Pollock. Representatives of the decedents' estates filed the instant lawsuit asserting negligence and wrongful death claims against Pollock and other parties, including "Walter Pollock, LLC" ("WPL"). Now pending before the Court are Defendant WPL's motions to dismiss (Docs. 142 and 144) to which Plaintiffs have not responded. For the following reasons, the motions are **GRANTED**.

The Amended Complaints in this consolidated action list WPL as a Defendant and allege:

> On information and belief, on and/or before July 27, 2017, and at all times material, Defendant Walter Pollock, LLC (hereinafter "Pollock LLC") was and is a business entity providing trucking services located in the State of Missouri and subject to the Federal Motor Safety Regulations.

(Doc. 90, ¶ 9; Doc. 99, ¶ 10).

The Amended Complaints further allege that Walter Pollock is an agent and employee of WPL (in addition to other Defendants) (Doc. 90, ¶ 17; Doc. 99, ¶¶ 16, 20). Summons was addressed to WPL at 618 Sikes Avenue, Sikeston, MO 63801, Walter Pollock's home address, and one was left with James Pollock, his son, and another with Debra Pollock, his wife (Docs. 116 and 120). The Amended Complaints do not contain any additional facts about WPL.

In support of dismissal, WPL asserts it is a legally non-existent entity that does not have the capacity to be sued. *See* Fed.R.Civ.P. 17(b)(3). It further argues that the service of process was inconsistent with Rule 4.

Pursuant to Local Rule 7.1(c), the Court considers Plaintiffs' failure to respond as an admission to the merits of the motions.[1] As such, there is no showing that WPL is a legal entity in either Missouri or Illinois or that either James or Debra Pollock are registered agents of WPL. Further, the Court finds that service of process was accomplished inconsistent with Rule 4(h).

---

[1] Plaintiffs filed ineffectual stipulations to dismiss WPL which were stricken (Doc. 159).

Accordingly, the motions are **GRANTED** and Defendant WPL is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED:  January 15, 2020**

**STACI M. YANDLE
United States District Judge**