**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **AUTUMN N. CROUCH** | ) | |
| **Special Administrator of the Estate of** | ) | |
| **Jacob Russell Stewart, Deceased** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 17-CV-1089-SMY** |
| **v.** | ) | |
| | ) | |
| **WALTER POLLOCK, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **KIMBERLY D. BOSEL,** | ) | |
| **Individually, and as Independent** | ) | |
| **Representative of the Estate of Eric A.** | ) | |
| **Bosel,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 17-CV-1280-SMY** |
| **v.** | ) | |
| | ) | |
| **WALTER POLLOCK, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ORDER**</u>

**YANDLE, District Judge:**

The matter is before the Court on Plaintiff Kimberly D. Bosel's and Plaintiff Autumn N. Crouch's motions for good faith finding (Docs. 293 and 294). Defendant Taylor Logistics Company, LLC filed an objection to the motions (Doc. 299). The Court conducted a hearing on the motions on November 18, 2021 and ruled on the record. For the reasons stated on the record and herein, Plaintiffs' motions for good faith finding are **GRANTED**.

## Background

This consolidated wrongful death action file against several defendants stems from a July 27, 2017 motor vehicle collision in which decedents Eric Bosel and Jacob Stewart were killed. Representatives of Bosel and Stewart's estates seek recovery against Defendants for their alleged negligence in failing to operate the tractor-trailer in a safe manner, in failing to properly supervise Walter Pollock, in failing to follow applicable federal safety requirements in the retention of Pollock, and in the management and transportation of the load at issue in July 2017. Summary judgment was entered with respect to the claims asserted against Defendant Taylor Logistics Company on September 24, 2021 (Doc. 284). Both plaintiffs subsequently reached settlement agreements with the Pollock and Hall Defendants totaling $2,000,000 and separately moved for good faith settlement findings (Docs. 293 and 294).

## Discussion

Pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/2, a tortfeasor who settles in good faith with the injured party is discharged from contribution liability. *Wreglesworth ex rel. Wreglesworth v. Arctco, Inc.,* 317 Ill. App. 3d 628, 633, 740 N.E.2d 444, 448 (2000). The term "good faith" is not defined in the Act. Thus, in evaluating- whether a settlement was made in good faith, the courts generally consider: (1) whether the amount paid by the settling tortfeasor was within a reasonable range of the settlor's fair share; (2) whether there was a close personal relationship between the settling parties; (3) whether the plaintiff sued the settlor; and (4) whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement. *Wreglesworth,* 740 N.E.2d at 449. "No single factor is seen as determinative." *Id.* And it is unnecessary for a court to conduct separate evidentiary hearings, decide the merits of the tort case, or rule on the relative liabilities of the parties before making a

good faith determination. *See Johnson v. United Airlines,* 203 Ill.2d 121, 271 Ill.Dec. 258, 784 N.E.2d 812, 818 (Ill. 2003); *Smith v. Texaco,* 232 Ill.App.3d 463, 173 Ill.Dec. 776, 597 N.E.2d 750, 755 (Ill.App.1992); *Ruffino v. Hinze,* 181 Ill.App.3d 827, 130 Ill.Dec. 542, 537 N.E.2d 871, 874 (Ill.App.1989). "A settlement will not be found to be in good faith if it is shown that the settling parties engaged in wrongful conduct, collusion, or fraud" or "if it conflicts with the terms of the Act or is inconsistent with the policies underlying the Act." *Johnson*, 784 N.E.2d at 821.

Defendant Taylor Logistics' stated purpose in objecting to a good faith finding is to preserve the record in the event this Court's summary judgment ruling is reversed on appeal. Because Taylor does not challenge the validity of the settlement agreement, the burden shifts to it to prove the absence of good faith by a preponderance of the evidence. In that regard, Taylor points to Plaintiffs' respective pre-mediation settlement demands to Taylor – $14,000,000 from the Bosel Estate and $11,000,000 from the Stewart Estate – and- a combined $5,000,000 demand made while summary judgment was under consideration, and asserts that the demands are disproportionate when compared to the combined $2 million settlement from the defendant who was directly responsible for the accident and the defendant who hired him. Thus, Taylor argues that the settlement could not have been made in good faith as the "[i]mproper motivation for this settlement is apparent" (Doc. 299), citing *Associated Aviation Underwriters, Inc. v. Aon Corp*., 344 Ill. App. 3d 163, 800 N.E.2d 424, 435, (Ill. App. Ct. 2003) ("settlement [that] shifts a disproportionally large and inequitable portion of the settling defendant's liability onto the shoulders of another" "cannot be construed as a good faith settlement.").

The determination of whether a settlement has been executed in *good faith* must strike a balance between public policies promoting the encouragement of settlements and the equitable apportionment of damages among tortfeasors. *Johnson v. United Airlines,* 203 Ill.2d 121, 133 (Ill.

2003) (finding by the Illinois Supreme Court that the nominal amount of the settlement fell short of collusion or wrongdoing. *Johnson*, 203 Ill.2d as 138-39).  Like the *Johnso*n court, the undersigned finds no evidence that the settling parties engaged in wrongful conduct, collusion, or fraud.

Accordingly, Defendant Taylor Logistics Company, LLC's Motion for Miscellaneous Relief (Doc. 299) is **DENIED**; Plaintiffs' motions for good faith finding (Docs. 293 and 294) are **GRANTED**.

**IT IS SO ORDERED.**

**DATED:  January 19, 2022**

**STACI M. YANDLE**
**United States District Judge**