# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AUTUMN N. CROUCH<br>Special Administrator of the Estate of<br>Jacob Russell Stewart,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WALTER POLLOCK, et al,<br><br>　　　　　Defendants.<br><br>and<br><br>KIMBERLY D. BOSEL,<br>Individually, and as Independent<br>Representative of the Estate of Eric A.<br>Bosel,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WALTER POLLOCK, et al,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br>Case No.: 17-CV-1089-SMY<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.: 17-CV-1280-SMY |

## ORDER APPROVING SETTLEMENT

The parties have advised the Court that a conditional settlement of all claims of Plaintiff Kimberly D. Bosel against Defendants Walter B. Pollock, Deceased, Walter Pollock, LLC, Pollock Logistics, LLC, Debra K. Pollock, and Hall Transportation, LLC (hereinafter "the Pollock and Hall Defendants") relating to a July 27, 2017, motor vehicle collision has been reached. This matter is now before the Court on the Motion for Approval of Wrongful Death/Minor Settlements filed by Plaintiff Kimberly D. Bosel, Individually, and as Independent Representative of the Estate of Eric A. Bosel (Doc. 308).

The Court conducted a hearing on the record on November 19, 2021. Based on the evidence adduced and the pleadings on file, the Court finds and **Orders** as follows:

1. By separate order, the Court appointed Colleen C. Jones as Guardian ad Litem for the minors T.B., B.B., and M.B. for purposes of the minors' settlements and the distribution and allocation of the wrongful death settlement of their father, Eric A. Bosel (Doc. 285). The Court concurs with Ms. Jones' conclusion that the settlement of this matter against the Pollock and Hall Defendants and the apportionment of the settlement as described below is fair and reasonable and in the best interest of the minor children.

2. The Court finds that the total settlement is fair and reasonable and in the best interest of the minors and the parties herein.

3. The Court having reviewed relevant affidavits and the terms of the settlement agreements, approves the settlement of Plaintiff Kimberly D. Bosel's claims against the Pollock and Hall Defendants only, as a result of Eric A. Bosel's death for the total consideration of $1,200,000.00 which shall be allocated as follows:

   a. Attorneys' fees in the amount of $400,000.00 to be paid to Rossiter & Boock, LLC and Tungate Law, attorneys for Plaintiff Kimberly D. Bosel, and the minor children herein;

   b. Litigation expenses in the amount of $34,991.87 to be reimbursed to Rossiter & Boock, LLC; and

   c. Net settlement proceeds payable to Plaintiff Kimberly Bosel and her minor children, T.B., B.B. and M.B. in the amount of $765,008.13.

4. The net settlement proceeds shall be allocated amongst Kimberly D. Bosel and her minor children, T.B., B.B. and M.B. as follows:

       a.      Kimberly D. Bosel - $315,008.13;

       b.      T.B. - $150,000.00;

       c.      B.B. - $150,000.00; and

       d.      M.B. - $150,000.00.

5. The net settlement proceeds payable to the minor children shall be paid by Canal Insurance Company to BHG Structured Settlements, Inc. to fund annuities issued by Berkshire Hathaway Life Insurance Company of Nebraska and structure payments as follows:

    a.    With respect to **minor T.B.**, the following payments shall be made:

        i.    $10,000.00 semi-annually beginning 6/1/2032 payable for eight payments guaranteed through 12/01/2035;

        ii.    $15,000.00 paid as a guaranteed lump sum payment on 03/07/2032;

        iii.    $20,000.00 paid as a guaranteed lump sum payment on 03/07/2036;

        iv.    $35,000.00 paid as a guaranteed lump sum payment on 03/07/2039;

        v.    $73,000.00 paid as a guaranteed lump sum payment on 03/07/2044.

    b.    With respect to **minor M.B.**, the following payments shall be made:

        i.    $10,000.00 semi-annually beginning 6/1/2035 payable for eight payments guaranteed through 12/01/2038;

        ii.    $15,000.00 paid as a guaranteed lump sum payment on 12/28/2034;

        iii.    $20,000.00 paid as a guaranteed lump sum payment on 12/28/2038;

        iv.    $35,000.00 paid as a guaranteed lump sum payment on 12/28/2041;

        v.    $98,000.00 paid as a guaranteed lump sum payment on 12/28/2046.

    c.    With respect to **minor B.B.**, the following payments shall be made:

      i.      $10,000.00 semi-annually beginning 6/1/2034 payable for eight payments guaranteed through 12/01/2037;

      ii.      $15,000.00 paid as a guaranteed lump sum payment on 12/31/2033;

      iii.      $20,000.00 paid as a guaranteed lump sum payment on 12/31/2037;

      iv.      $35,000.00 paid as a guaranteed lump sum payment on 12/31/2040;

      v.      $90,000.00 paid as a guaranteed lump sum payment on 12/31/2045.

6. The Court finds that the structured settlements funded by the annuity contracts are in the best interests of the minors T.B., B.B., and M.B.

7. **The Court Orders** that the periodic payments set forth above above cannot be accelerated, deferred, increased, or decreased by Kimberly D. Bosel in her individual capacity, nor shall Kimberly D. Bosel have the power to sell, encumber, mortgage, or accelerate the periodic payments by assignment or otherwise. As such, the Court finds it is in the best interests of the minors to dispense with the need of a probate estate/conservatorship. The Court further finds that no bond is required.

8. Plaintiff Kimberly D. Bosel, Individually, and as Independent Representative of the Estate of Eric A. Bosel, is authorized to settle this lawsuit with the Pollock and Hall Defendants, only, including but not limited to claims for the wrongful death of Eric A. Bosel. The Court further finds Plaintiff, Kimberly D. Bosel, is authorized to execute all necessary Releases and Stipulations on behalf of minors T.B., B.B., and M.B.

9. **The Court Orders** the Pollock and Hall Defendants to distribute the attorneys' fees, costs, and net settlement proceeds as ordered herein.

10. **The Court Orders** Plaintiff Kimberly D. Bosel to dismiss all claims against the Pollock and Hall Defendants with prejudice, with each party to bear its own costs after satisfaction of the partial wrongful death settlement.

**IT IS SO ORDERED.**

**DATED:  January 19, 2022**

**STACI M. YANDLE**
**United States District Judge**