**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **AUTUMN N. CROUCH** | ) | |
| **Special Administrator of the Estate of** | ) | |
| **Jacob Russell Stewart,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 17-CV-1089-SMY** |
| **v.** | ) | |
| | ) | |
| **WALTER POLLOCK, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **KIMBERLY D. BOSEL,** | ) | |
| **Individually, and as Independent** | ) | |
| **Representative of the Estate of Eric A.** | ) | |
| **Bosel,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 17-CV-1280-SMY** |
| **v.** | ) | |
| | ) | |
| **WALTER POLLOCK, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER APPROVING SETTLEMENT

The parties have advised the Court that a conditional settlement of all claims of Plaintiff
Autumn N. Crouch against Defendants Walter B. Pollock, Deceased, Walter Pollock, LLC, Pollock
Logistics, LLC, Debra K. Pollock, and Hall Transportation, LLC (hereinafter "the Pollock and
Hall Defendants") relating to a July 27, 2017, motor vehicle collision has been reached.  This
matter is now before the Court on the Motion for Approval of Wrongful Death/Minor Settlements
filed by Plaintiff Autumn N. Crouch, Individually, and as Special Administrator of the Estate of
Jacob Russell Stewart (Doc. 309).

1

The Court conducted a hearing on the record on November 19, 2021.  Based on the evidence adduced and the pleadings on file, the Court finds and **Orders** as follows:

1.      The Circuit Court of Richland County, Illinois entered a separate Order appointing Autumn N. Crouch as Guardian of the Estate of N.R.S., a minor, for purposes of the minor's settlement and the distribution and allocation of the wrongful death settlement of his father, Jacob Russell Stewart.

2.      The settlement of this matter against the Pollock and Hall Defendants, the total settlement amount, and the apportionment of the settlement as described below are fair and reasonable and in the best interest of the minor child.

3.      The distribution of the net settlement proceeds shall be accounted for and administered in the Probate Division of Richland County, Illinois.

4.      The Court having reviewed relevant affidavits and the terms of the settlement agreements, approves the settlement of Plaintiff Autumn N. Crouch's claims against the Pollock and Hall Defendants only, as a result of Jacob Russell Stewart's death for the total consideration of $800,000.00, which shall be allocated as follows:

      a.      Attorneys' fees in the amount of $266,666.66:

           $177,777.77 to be paid to McNabola Law Group, P.C. and $88,888.89 to the Law Office of George W. Woodcock, attorneys for Plaintiff Autumn N. Crouch, and the minor child herein;

      b.      Litigation expenses to be reimbursed to McNabola Law Group, P.C. in the amount of $28,871.72, including expenses of $1,350.99 to the Law Office of George W. Woodcock;

2

      c.      Net settlement proceeds payable to Plaintiff Autumn N. Crouch and the minor, N.R.S. in the amount of $504,461.62.

5.      The net settlement proceeds shall be allocated amongst Autumn N. Crouch and the minor N.R.S. as follows:

      a.      Autumn N. Crouch - $99,461.62;

      b.      N.R.S. - $400,000.00;

      c.      Appeals process anticipated costs - $5,000.00

6.      The net settlement proceeds ($99,461.62) are to be paid to Autumn N. Crouch, Guardian of the Estate of N.R.S., a minor, to be utilized for the benefit of N.R.S., upon presentation of an order entered in the Probate Division of Richland County authorizing Autumn N. Crouch, Guardian of the Estate of N.R.S., to receive the distributable amount to be utilized for the benefit of N.R.S. and approving a bond secured therefor.

7.      The net settlement proceeds payable to the minor child shall be paid by Great West Casualty Company to USAA Annuity Services Corporation (Assignee) pursuant to a "qualified assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, funded by an annuity contract issued by USAA Life Insurance Company, with structured payments as follows:

      a.      $30,000.00 payable annually for four (4) years guaranteed, commencing 12/23/2034 with the last guaranteed payment on 12/23/2037;

      b.      $2,000.00 payable quarterly for four (4) years (16 payments) guaranteed, commencing 12/23/2034 with the last guaranteed payment on 9/23/2038:

      c.      $1,576.13 payable monthly for his lifetime with twenty (20) years (240 payments) guaranteed, commencing 12/23/2041, with the last guaranteed

payment on 11/23/2061.

8.      The Court finds that the structured settlements funded by the annuity contracts are in the best interests of the minor N.R.S.

9.      The court approves the allocation of $5,000.00 for expenses associated with the appeals process.  Once that process is concluded, any remaining funds from the $5,000.00 allocation are to be paid to Autumn Crouch, Guardian of the Estate of N.R.S., to be distributed in conformance with an order to be entered by the Probate Division of Richland County, IL.

10.     **The Court Orders** that the periodic payments set forth above cannot be accelerated, deferred, increased, or decreased by Autumn N. Crouch in her individual capacity, nor shall Autumn N. Crouch have the power to sell, encumber, mortgage, or accelerate the periodic payments by assignment or otherwise.  As such, the Court finds it is in the best interests of the minors to dispense with the need of a probate estate/conservatorship.  The Court further finds that no bond is required.

11.     Plaintiff Autumn N. Crouch, Individually, and as Independent Representative of the Estate of Jacob Russell Stewart, is authorized to settle this lawsuit with the Pollock and Hall Defendants, only, including but not limited to claims for the wrongful death of Jacob Russell Stewart.  The Court further finds Plaintiff, Autumn N. Crouch, is authorized to execute all necessary Releases and Stipulations on behalf of the minor, N.R.S.

12.     **The Court Orders** the Pollock and Hall Defendants to distribute the attorneys' fees, costs, and net settlement proceeds as ordered herein.

13.     **The Court Orders** Plaintiff Autumn N. Crouch to dismiss all claims against the Pollock and Hall Defendants with prejudice, with each party to bear its own costs after satisfaction of the partial wrongful death settlement.

**IT IS SO ORDERED.**

**DATED:  January 19, 2022**

**STACI M. YANDLE**
**United States District Judge**